IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | Criminal Action No. |
| vs. § | 3:12-CR-104-G |
| § | |
| JACOBI TUTSON § | |

### FINDINGS, CONCLUSION AND RECOMMENDATION

By order of reference dated July 2, 2020 (doc. 70), before the Court for recommendation is the *Petition for Offender Under Supervision*, filed October 16, 2019 (doc. 59). The defendant appeared in person and through counsel for a final revocation hearing on July 29, 2020. After consideration of the filings, evidence, testimony, oral argument, and applicable law, the defendant's term of supervised release should be **REVOKED**, and he should be sentenced to an additional term of imprisonment.

### I.  BACKGROUND

Jacobi Tutson (Defendant) was charged in a one-count indictment with being a felon in possession of a firearm. (*See* doc. 1.) He pleaded guilty, and by judgment entered on July 28, 2014, he was sentenced to 58 months of imprisonment, to be followed by a three-year term of supervised release. (*See* docs. 30, 31, 35, 51.) He began his term of supervised release on December 28, 2018. (*See* doc. 59.)

A.  **Alleged Violations**

On October 16, 2019, the supervising United States Probation Officer (USPO) submitted a petition for offender under supervision (Petition) alleging the following violations:

   1.   *Mandatory Condition; Standard Condition No. 7*

**Violation of Mandatory Condition**
The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as

determined by the court.

**Violation of Standard Condition No. 7**
The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician.

**Nature of Noncompliance**
Mr. Tutson violated these conditions of supervised release by possessing and using marijuana, an illegal controlled substance, in or about February 2019. On February 28, 2019, Mr. Tutson submitted a urine specimen to HBI that tested positive for marijuana. On March 14, 2019, Mr. Tutson reported he used his friend's vape pipe and later found out it had THC in it. He denied knowledge of the THC prior to using the vape pipe. The urine specimen was confirmed positive for marijuana by Alere Toxicology Services (Alere).

Mr. Tutson violated these conditions of supervised release by possessing and using marijuana, an illegal controlled substance, in or about June 2019. On June 24, 2019, Mr. Tutson submitted a urine specimen to HBI that tested positive for marijuana. On July 8, 2019, Mr. Tutson admitted, verbally and in writing, to USPO Kukolj he used marijuana on June 22, 23, and 24. 2019.

Mr. Tutson violated these conditions of supervised release by possessing and using marijuana, an illegal controlled substance, in or about July 2019. On July 8, 2019, Mr. Tutson submitted a urine specimen to the U.S. Probation Office, Dallas, Texas, that tested positive for marijuana. On July 8, 2019, Mr. Tutson admitted, verbally and in writing, to USPO Kukolj he used marijuana on July 4, 2019.

Mr. Tutson violated these conditions of supervised release by possessing and using marijuana, an illegal controlled substance, in or about July 2019. On July19, 2019, Mr. Tutson submitted a urine specimen to the U.S. Probation Office, Dallas, Texas, that tested positive for marijuana. The urine specimen was confirmed positive for marijuana by Alere.

Mr. Tutson violated these conditions of supervised release by possessing and using marijuana, an illlegal controlled substance, in or about July 2019. On July 27, 2019, Mr. Tutson submitted a urine specimen to HBI that tested positive for marijuana. The urine specimen was confirmed positive for marijuana by Alere.

On August 2 1, 2019, an interpretation report completed by Alere determined Mr. Tutson reused marijuana prior to the collection dates on July 8, July 19, and July 27, 2019.

Mr. Tutson violated these conditions of supervised release by possessing and using marijuana, an illegal controlled substance, in or about August 2019. On August 7, 2019, Mr. Tutson submitted a diluted urine specimen to HBI that tested positive for marijuana. The urine specimen was confirmed positive for marijuana by Alere.

Mr. Tutson violated these conditions of supervised release by possessing and using marijuana, an illegal controlled substance, in or about August 2019. On August 22, 2019, Mr. Tutson submitted a urine specimen to the U.S. Probation Office Dallas, Texas, that tested positive for marihuana. The urine specimen was confirmed positive for marijuana by Alere.

On October 4. 2019, an interpretation report completed by Alere determined Mr. Tutson reused marijuana prior to the collection dates on August 7, and August 22, 2019.

*2. Special Condition*

**Violation of Special Condition**
The defendant shall participate in a program (inpatient and/or outpatient) approved by the United States Probation Office for treatment of narcotic, drug or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or other intoxicants during and after completion of treatment.

**Nature of Noncompliance**
Mr. Tutson violated this condition of supervised release when he failed to report for drug testing at HBI on March 19, July 17, August 27, and September 11, 2019.

Mr. Tutson violated this condition of supervised release when he failed to attend Supportive Outpatient (SOP) substance abuse group counseling at HBl on February 22, 2019, and when he failed to attend an individual session at HBI on March 9, 2019.

Mr. Tutson violated this condition of supervised release when he failed to attend Intensive Outpatient Services (IOP) substance abuse group counseling at HBI on August 27, August 29, and August 30, 2019; and when he failed to attend an individual session at HBI on September 2, 2019.

Mr. Tutson violated this condition of supervised release by failing to participate in an inpatient drug treatment program as directed. Mr. Tutson entered a 30-day inpatient drug treatment program at the Volunteers of America (VOA) in Fort Worth, Texas on September 19, 2019 and was unsuccessfully discharged on September 26, 2019, when he walked out after receiving several violations, including suspected substance abuse.

(*See* doc. 59.)

On October 16, 2019, the Court issued a warrant for Defendant's arrest based on the Petition. (*See* doc. 60.) He was arrested and made his initial appearance in this district on May 1, 2020. (*See* doc. 64.) On that date, he waived his rights to a preliminary hearing under Fed. R. Civ. P. 32.1 and to a detention hearing, and was ordered detained pending a revocation hearing. (*See* docs. 63, 66, 67.)

**B.**     **Revocation Hearing**

After consulting with counsel, Defendant consented to appear by video conference for a final revocation hearing on July 29, 2020. After his competence was established, Defendant testified under oath that he understood the violations alleged in the Petition and the range of punishment for those violations. He understood that he had the right to plead not true and have a hearing concerning whether he committed those violations. He understood that revocation was mandatory. Despite his understanding, Defendant knowingly and voluntarily consented to enter a plea of true to the violations alleged in the Petition. He sought to be heard, however, on the issue of the appropriate sentence.

Counsel argued for a sentence of time served, to be followed by an additional term of supervised release that included electronic monitoring and treatment as conditions. Counsel explained that Defendant had been threatened by a family member because he had expressed his reluctance to be around that family member to the rest of his family, but that he was now in a much better frame of mind and really wanted treatment. Defendant apologized for his violations, stating that the last year had been very bad for him, but that he wanted to be a better man and to be with and support his family during the global pandemic. The government argued for a guideline sentence.

At the conclusion of the hearing, it was orally recommended that the plea of true be accepted by the district judge, that Defendant's term of supervised release be revoked, and that he be sentenced to an additional term of imprisonment of 8 months with no additional term of supervised release. Defendant was advised of his right to appear and speak, and to have his counsel appear and speak, before the assigned district judge prior to sentence being imposed.

## II. ANALYSIS

Section 3583(e)(3) of Title 18 provides that after considering the factors set out in §

3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), a court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3). The relevant factors in § 3553(a) to be considered are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> > ***
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> > ***
> (4) the kinds of sentence and the sentencing range established for--
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
> > > (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
> > > (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
> > (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
> (5) any pertinent policy statement--
> > (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by

>   the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>   (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a), 3583(e)(3).[1] Revocation of a term of supervised release is mandatory if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or tests positive for illegal controlled substances more than three times over the course of one year. 18 U.S.C. § 3583(g).

Based on his knowing and voluntary plea of true, the Court finds that Defendant has violated the mandatory condition, standard condition number 7, and the special condition alleged in the Petition. Because he violated his conditions of supervised release by possessing a controlled substance, refusing to comply with drug testing, and testing positive for illegal controlled substances more than three times over the course of one year, revocation of his supervised release is mandatory.

As set out in the Petition, the statutory maximum term of incarceration upon revocation of Defendant's supervised release is 2 years. (*See* doc. 59 at 4, citing 18 U.S.C. § 3583(e)(3).) Based upon a violation grade of C and a criminal history category of III, the resulting range of imprisonment under United States Sentencing Guideline (USSG) § 7B1.4(a) is 5 to 11 months. (*Id.*) Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation, but the maximum term of supervised release must not exceed the term of supervised

---

[1] The Fifth Circuit Court of Appeals has held that courts may not consider the factors listed in § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011). Nor may courts impose or lengthen a prison term in order to foster a defendant's rehabilitation. *United States v. Tapia*, 131 S.Ct. 2382 (2011).

release authorized by state for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. (*Id.*, citing 18 U.S.C. § 3583(h); *U.S v. Jackson*, 559 F.3d 368 (5th Cir. 2009).) Defendant is subject to a maximum term of supervised release of up to three years, minus any revocation sentence. (*Id.*)

After considering the relevant factors identified in § 3583(e) that are set forth in § 3553(a), and not considering any factor that it is precluded from considering under Supreme Court or Fifth Circuit authority, the Court finds that a custody sentence of 8 months, with no additional term of supervised release to follow, is sufficient but not greater than necessary to accomplish the relevant sentencing objectives. Although he argued for a sentence of time served with an additional term of supervised release that includes electronic monitoring and treatment and conditions, this sentence is not warranted under the facts of this case. According to the Petition, after testing positive for marijuana five times and failing to report for drug tests three times within six months, Defendant was granted an exception to mandatory revocation to allow him the opportunity to participate in treatment to address his substance abuse. (doc. 59 at 1.) He was placed into a 30-day inpatient drug treatment program on or about September 16, 2019, but he walked out on September 26, 2019, after receiving several violation reports, including a report of suspected drug use. As a result, he was unsuccessfully discharged from the program. He then absconded from supervision, and his whereabouts were unknown until his arrest in April 2020. Defendant has not been able to succeed on supervised release after being given a fair opportunity to do so, and a custody sentence in the middle of the guideline range, with no additional term of supervised release to follow, will afford adequate deterrence to and protect the public from further crimes.

## III.  RECOMMENDATION

The defendant's plea of true should be accepted, his term of supervised release should be **REVOKED**, and he should be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **EIGHT (8) MONTHS**, with no additional term of supervised release to follow.  The defendant should receive credit for time served.

**SO RECOMMENDED on this 29th day of July, 2020.**

                                          IRMA CARRILLO RAMIREZ
                                          UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                          IRMA CARRILLO RAMIREZ
                                          UNITED STATES MAGISTRATE JUDGE